**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NANCY WHITE, a/k/a NANCY THUNDER,

Plaintiff,

vs.

DANIEL HANSON, individually and in his official capacity, John Does Nos. 1 and 2, individually and in their official capacity, and COUNTY OF HENNEPIN,

Defendants.

Civil No. 00-1591 DDA/SRN

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT ON CROSSCLAIM**

Jensen & Sondrall, P.A., by STEVEN A. SONDRALL, Brooklyn Park, Minnesota, appeared on behalf of Plaintiff Nancy White.

Marshall and Associates, P.A., by JOSEPH B. MARSHALL, Circle Pines, Minnesota, appeared on behalf of Defendant and Crossclaimant Daniel Hanson.

Hennepin County Attorney, by KARLA F. HANCOCK, Minneapolis, Minnesota, appeared on behalf of Defendant and Defendant on Crossclaim County of Hennepin.

The parties in this case ask the Court to consider the adequacy of the procedure through which Defendant County of Hennepin ("the County") denied Defendant Daniel Hanson of his statutory right to a legal defense and indemnity under Minnesota law. Hanson in his crossclaim against the County relies on 42 U.S.C. § 1983 and alleges that the County's action in refusing to defend and indemnify him violated his right to due process of law guaranteed under the Fourteenth Amendment of the U.S. Constitution. The County in response alleges that Hanson is procedurally barred from asserting the crossclaim, that Hanson waived his right to due process, and that in any case the due process provided to Hanson passed constitutional muster. Both parties have moved for summary judgment on the crossclaim. The Court will deny Hanson's motion and grant the County's motion.

FILED JAN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The facts pertinent to the due process issue are not in dispute. The County on January 22, 2000, took Plaintiff Nancy White into custody. The County at that time employed Hanson as a deputy sheriff, and the Plaintiff's Complaint alleges that Hanson assaulted her while she was detained in her cell. Hanson later entered a guilty plea to criminal charges arising from this incident and resigned from his position with the sheriff's department. After the County received service of the Plaintiff's Complaint, the County on July 18, 2000, by letter notified Hanson of its intent to deny Hanson a legal defense and indemnity in the Plaintiff's civil case.[1] The July 18 letter described the factual basis for the County's proposed action and notified Hanson of his right to a contested hearing "before the Hennepin County Administrator or designee" prior to a final determination of Hanson's rights by the Hennepin County Board of Commissioners ("the County Board"). County Exhibit 5. The July 18 letter also stated that Hanson would waive his right to a hearing if he did not request a hearing "within 15 business days" of the date of the letter. Id.

Hanson did not respond to the County's notice until the County's self-imposed deadline for requesting a hearing had passed. Hanson, however, later responded through his counsel to the County's notice. Hanson's counsel in a letter to the County dated August 16, 2000, demanded a defense and indemnity and stated that Hanson "elects to have the U.S. District Court determine his eligibility for a defense and indemnification rather than the county." County Exhibit 6. The County Board met on August 29, 2000, considered evidence, and determined that the County had no duty to defend or indemnify Hanson. The County did not inform Hanson in advance of the meeting but on the date of the meeting sent a letter to Hanson explaining the Board's decision and indicating that Hanson had the right to seek certiorari review of the decision in the Minnesota Court of Appeals. Hanson then filed a petition for certiorari. The Minnesota Court of Appeals questioned whether the County Board's action appropriately was reviewed by certiorari or in an independent state district

---

[1] Minnesota law requires the County to defend and indemnify its employees unless the employee in question was acting outside the scope of employment or was "guilty of malfeasance in office, willful neglect of duty, or bad faith." Minn.Stat. § 466.07. The County in its letter took the position that Hanson's conduct fell within the excepted categories and that it accordingly had no duty to defend or indemnify Hanson against the Plaintiff's claims.

court action and directed the parties to brief the issue. Hanson v. Hennepin Cty. Bd. of Comm'rs, No. C2-00-1588 (Minn.Ct.App. Sept. 15, 2000) (unpublished order). Hanson thereafter voluntarily dismissed his certiorari petition, and the parties indicated at oral argument that Hanson has filed a state district court action raising the defense and indemnity claim. As of the date of this Order, the parties have not informed the Court of the disposition, if any, in the state court case.

A. Procedural and jurisdictional issues

The County as a threshold matter argues that Hanson's crossclaim is barred because Hanson failed to exhaust available state remedies and because the underlying state proceedings bar Hanson's crossclaim under the doctrines of res judicata and collateral estoppel. These arguments are predicated on the assumption that Hanson could have challenged the adequacy of the procedure the County provided on certiorari review in the Minnesota Court of Appeals. However, the Minnesota Court of Appeals did not determine it had jurisdiction over Hanson's appeal. Even if the Minnesota Court of Appeals determined that it had certiorari jurisdiction, certiorari review would have been limited to the record made in the meeting of the County Board . Rodne v. Comm'r of Human Servs., 547 N.W.2d 440, 444 (Minn.Ct.App. 1996). Although the merits of the County Board's decision are not subject to review in this Court, Hanson's procedural due process claim is limited to whether he received adequate notice of the County Board's action and a meaningful opportunity to be heard prior to the County Board's action. Given that state court certiorari review is confined to matters the County Board considered, Hanson may not have been able to assert his due process claim in the Minnesota Court of Appeals. The Court assumes for purposes of these motions that the procedural due process issues raised in Hanson's crossclaim were unavailable in the earlier state court proceedings and that the crossclaim is not procedurally barred.

B. Notice and waiver

The County does not dispute that Hanson's interest in defense and indemnity is subject to procedural due process protection. To deprive Hanson of that interest, the County must provide Hanson with clear and actual notice of the allegations against him, a reasonable opportunity to present a defense to those allegations, and a hearing before an impartial decisionmaker. Riggins v.

Bd. of Regents of the Univ. of Neb., 790 F.2d 707, 712 (8th Cir. 1986). Although Hanson complains that the notice he received was misleading, the County's notice clearly describes the County's proposed action, the incident upon which that proposed action is based, and Hanson's right to a hearing. The law requires no more.[2] The County's notice advised Hanson to consult with an attorney if Hanson had questions concerning his rights, and Hanson ultimately did exactly that.

The County gave Hanson a limited period of time in which to request a hearing, but Hanson cites no authority holding that such a limitation is impermissible. The County has an interest in promptly determining Hanson's rights. The period of fifteen business days within which Hanson could have requested a hearing was sufficient to allow Hanson to consider his options and to make a reasoned response, so the deadline did not impose an unreasonable burden upon Hanson. Furthermore, when Hanson did respond to the County's notice, Hanson did not request an extension of the hearing deadline but rather expressed an affirmative intention to resolve the defense and indemnification issue in court. The County was justified on these facts in concluding that Hanson waived his right to a hearing, and thus waived his claim of a procedural due process violation,[3] because Hanson failed to request a hearing or to participate in the County's decisionmaking process in any other way. See Krentz v. Robertson Fire Protection Dist., 228 F.3d 897, 904 (8th Cir. 2000) (holding that a plaintiff waives a due process claim when the plaintiff was aware of available administrative procedures but did not pursue relief under those procedures).

C. Impartial decisionmaker

To avoid this result, Hanson contends that any request he made for a hearing would have been futile because the County failed to offer a hearing before an impartial decisionmaker.

---

[2] Hanson relies on an earlier decision of this Court, Baxter v. Tucker, Civ. No. 3-95-738 (D.Minn. Jan. 3, 1997) (unpublished order), in support of his argument that the County did not offer proper notice and an opportunity to be heard. The city in Baxter, however, did not offer the plaintiff any opportunity to be heard, and Baxter is distinguishable from this case for that reason.

[3] Although the Court finds that Hanson waived his right to object to the County's procedure, the Court expresses no opinion on the merits of the County Board's action.

Minnesota law provides that an attorney representing both a city and an employee of the city has an actual conflict of interest, Minneapolis Police Officers Fed'n v. City of Minneapolis, 488 N.W.2d 817, 820 (Minn.Ct.App. 1992), pet. for rev. denied (Minn. Sept. 15, 1992), but the same analysis does not apply here. Procedural due process requires an impartial tribunal, and impartiality in this context generally requires only that "the members of the tribunal have no actual bias." Welch v. Barham, 635 F.2d 1322, 1324 (8th Cir. 1980), cert. denied, 451 U.S. 971, 101 S.Ct. 2049, 108 L.Ed.2d 350 (1981). Hanson has not shown that members of the County Board had a bias of any sort with respect to this matter, and Hanson has not cited authority standing for the proposition that a governmental entity as a matter of law may not consider disputes involving its own employees. Judicial review, whether by certiorari or in district court, also is available for the County Board's decision. Hanson therefore has not established that the County Board had an impermissible motive or that any other reason exists to impugn the impartiality of the County Board's action.

The Court accordingly finds that the County offered Hanson appropriate procedural due process, that Hanson knowingly waived such process, and that the conduct of the County fully complied with its obligation to provide Hanson with notice of the allegations against him, a reasonable opportunity to present a defense to those allegations, and an opportunity to be heard before an impartial decisionmaker. Based on those findings, **IT IS HEREBY ORDERED THAT**:

1. Defendant Daniel Hanson's motion for summary judgment is DENIED;
2. Defendant County of Hennepin's motion for summary judgment is GRANTED;
3. Defendant Daniel Hanson's crossclaim against Defendant County of Hennepin is dismissed.

Dated: January 18, 2001

DONALD D. ALSOP, Senior Judge
United States District Court